IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:06cv265

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> Vs. ) <br> ) <br> $16,920.00 IN UNITED STATES ) <br> CURRENCY, ) <br> ) <br> and ) <br> ) <br> REAL PROPERTY AT 565 JENKINS ) <br> ROAD, CANTON, HAYWOOD ) <br> COUNTY, NORTH CAROLINA, ) <br> APPROXIMATELY 10.3265 ACRES, ) <br> DESCRIBED IN DEED BOOK 467, ) <br> PAGE 20, OF THE HAYWOOD ) <br> COUNTY, NORTH CAROLINA, ) <br> PUBLIC REGISTRY, ) <br> ) <br> Defendants, ) <br> _____ ) | MEMORANDUM AND <br> RECOMMENDATION |

**THIS MATTER** is before the court on the government's Motion to Dismiss Answer (#13). In substance, the government seeks to strike claimant Jill Rogers' November 21, 2006, Answer to the Complaint for forfeiture *in rem* based upon her failure to first file *claims* as to each defendant. In response, claimant argues first that there is no such thing as a motion to dismiss an Answer and that plaintiff had actual notice of her potential claim inasmuch as claimant resides in defendant real property and that she and her spouse own the defendant real property as tenants by the entirety. Plaintiff has not filed a reply within the time allowed or notified the court within such

-1-

time that it did not intend to reply. Having carefully considered the pleadings of the parties, the court enters the following findings, conclusions, and recommendation.

## FINDINGS AND CONCLUSIONS

### I. Motion to Dismiss Answer Generally

Inasmuch as the Federal Rules of Civil Procedure do not envision a Motion to *Dismiss* an Answer, the undersigned will deem plaintiff's motion to be a motion to *strike* the Answer.[1] Rule 12(f) provides, as follows:

> **(f) Motion To Strike.**
> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party *within 20 days after the service of the pleading* upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Fed.R.Civ.P. 12(f)(emphasis added). Review of the court's docket reveals that claimant filed her Answer November 21, 2006, and that the plaintiff filed the instant motion April 5, 2007, which is more than 20 days after service of the Answer.

Inasmuch as the federal rules do not provide for "dismissal" of an Answer and it further appearing that a motion to strike would be untimely, the undersigned will respectfully recommend that the plaintiff's motion be summarily denied.

### II. Plaintiff's Motion Deemed to Be a Motion for Judgment on the Pleadings

The undersigned has assumed that the government intended to file a Motion for Judgment on the Pleadings and had argued, based on the pleadings properly

---

[1] Claimant argued as much in its responsive brief, which was a new argument to which the government did not respond.

before the court,[2] that it was entitled to judgment as a matter of law.

When considering a motion for judgment on the pleadings under Rule 12(c), courts apply the same standard as when evaluating a motion to dismiss under Rule 12(b)(6). Burbach Broad. Co. of Delaware v. Elkins Radio Corp., 278 F.3d 401, 406 (4th Cir.2002).

> A motion to dismiss under [Rule 12(c) ] tests the sufficiency of a [claim], it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.

Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir.1992). A motion for judgment on the pleadings should be granted

> 'only ... if, after accepting all well pleaded allegations in the [non-moving party's claim] as true and drawing all reasonable factual inferences from those facts in [that party's favor], it appears certain that the [non-moving party] cannot prove any set of facts in support of [its] claim entitling [it] to relief. '

Volvo Trademark Holding Aktiebolaget v. CLM Equip. Co., Inc., 236 F.Supp.2d 536, 540 (W.D.N.C.2002), *aff'd in part*, *vacated in part* on other grounds, 386 F.3d 581 (4th Cir.2004) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir.1999) (evaluating Rule 12(b)(6) motion)).

The responsive requirements of a civil forfeiture action are clearly set forth in

---

[2] Claimant has combined into her response to the government's motion her own Motion to File a Supplemental Claim. Docket Entry 14 (emphasis added). Inasmuch as no claim has been filed, the court will deem this to be a Motion for Leave to File a Claim Out of Time. Counsel for claimant is reminded that it is inappropriate to combine a motion into a response.

the Supplemental Rules for Certain Admiralty and Maritime Claims.[3]  Rule G

provides in relevant part as follows:

> **(5) Responsive Pleadings.**
>   **(a) Filing a Claim.**
>       (i) A person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending. The claim must:
>           (A)   identify the specific property claimed;
>           (B)   identify the claimant and state the claimant's interest in the property;
>           (C)   be signed by the claimant under penalty of perjury; and
>           (D)   be served on the government attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D).
>       (ii) Unless the court for good cause sets a different time, the claim must be filed:
>           (A)   by the time stated in a direct notice sent under Rule G(4)(b);
>                        * * *
>
> **(b) Answer.** A claimant must serve and file an answer to the complaint or a motion under Rule 12 within 20 days after filing the claim. A claimant waives an objection to in rem jurisdiction or to venue if the objection is not made by motion or stated in the answer.

Supp.R.C.A.M.C. G(5).  Now only are the requirements of the Rule clear,  the Order

and Warrant for Arrest *in Rem* (#2), which was issued by the undersigned and served

on claimant along with the Complaint on November 21, 2006, specifically advised

claimant that she had 30 days to submit her claim and 20 days thereafter to file her

Answer.

---

[3]    The Supplemental Rules Governing Certain Admiralty and maritime Claims were revised effective December 1, 2006.  The court's reference is to such revised rule inasmuch as the substantive revisions have no impact on the matter now before the court.

It is fundamental to federal civil forfeiture practice that the ability to file an Answer is predicated on first filing a verified claim.

> [i]n order to contest a forfeiture, a claimant first must demonstrate a sufficient interest in the property to give him Article III standing; otherwise there is no case or controversy, in the constitutional sense, capable of adjudication in the federal courts.

United States v. Real Property Described in Deeds Recorded at Book/Page 839/846, 639/840, 639/834, 639/287, and 610/727 Henderson County Registry and Insurance Proceeds, 962 F.Supp. 734, 737 (W.D.N.C.1997). Only those who first make a verified claim that they have an interest in the defendant *res* are allowed to file an Answer to a Complaint seeking civil forfeiture. Id. Against the weight of this authority, claimant argues that "the Government cannot seriously argue to this Court that the filing of a formal claim in this matter is anything other than *pro forma* . . . ." Claimant's Response, at 2. A formal claim is, however, the linchpin to Article III standing, and without such standing claimant simply cannot be heard to Answer in this court.

In addition to the decision cited above, there are a number of other decisions originating from this district that concern this very issue. While the government has cited the court to United States v. 328 Pounds More or Less, of Wild American Ginseng, 347 F.Supp.2d 241, 248 -249 (W.D.N.C. 2004), which is instructive, the claimant therein failed to file either a Verified Claim *or* an Answer. In this case, plaintiff filed an Answer, but not a Claim. Under that scenario, the undersigned finds instructive United States v. $39,000 in U.S. Currency, 2007 WL 474269 (W.D.N.C. 2007) (an unpublished decided by Honorable Richard L. Voorhees, United States

-5-

District Judge),[4] which deals specifically with a claimant who has filed an Answer, but has failed to file a claim. In United States v. $39,000 in U.S. Currency, the district court held as follows:

> As noted in the Court's previous Orders, despite Claimant's initial failure to file a separate verified claim and answer as required by Supplemental Rule (C)(6), and his failure to submit a verified claim with a response to the Government's Motion for Judgment on the Pleadings, this Court could exercise its discretion and construe the Claimant's answer as both a timely filed answer and claim. *See, United States v. One Urban Lot*, 885 F.2d 994, 999 (1st Cir.1989) (holding that "where the claimant timely filed a *verified* answer containing all the information required in the claim, the answer may be deemed to have fulfilled the function of a claim in terms of establishing the owner's standing")(emphasis in original); *United States v. $4,629 In U.S. Currency*, 359 F.Supp.2d 504, 507 (W.D.Va.2005) (accepting pro se claimant's single filing with his signature as verified statement and answer).

Id., at 4.

The undersigned has first considered claimant's argument that the filing of a claim is a *pro forma* (mere formality) inasmuch as plaintiff had actual knowledge that she was residing at the property as a tenant by the entirety. Cited with approval by Judge Thornburg in United States v. 328 Pounds More or Less, of Wild American Ginseng, supra, at 249, the Court of Appeals for the Seventh Circuit held in United States v. Commodity Account No. 549 54930 at Saul Stone & Co., 219 F.3d 595 (7th Cir.2000), as follows:

> Verification forces the claimant to place himself at risk of perjury for false claims, and the requirement of oath or affirmation is not a mere technical requirement that we easily excuse.

---

[4] Due to the limits of ECF, the court incorporates into the electronic docket a copy of such unpublished decision by reference to the Westlaw citation.

Id., at 597-98. Further, Judge Voorhees noted in an earlier Order in United States v. $39,000 in U.S. Currency that

> many courts have required strict adherence to Supplemental Rule C(6)(a)(i). *See, e.g., One Dairy Farm*, 918 F.2d at 312. There is little published authority in this Circuit. Unpublished authority indicates that the Fourth Circuit would likely follow the strict approach. See Torres v. $6,618, 854 F.2d 1318, 1988 WL 83331 (4th Cir.) (finding no standing to contest forfeiture until procedural requirements of Rule C(6) are met).

United States v. $39,000 U.S. Currency, 2006 WL 1431830, 3 (W.D.N.C. 2006).[5] Thus, claimant's argument that the filing of verified claim is a mere formality or a technicality is incorrect as a matter of law.

Next, the court has considered whether the Answer could be construed as both an Answer and a verified claim. Cited with approval by Judge Voorhees, the Court of Appeals for the First Circuit held in United States v. One Urban Lot that a court may deem an Answer to be both a verified claim and Answer "where the claimant timely filed a *verified* answer containing all the information required in the claim ...." (emphasis in the original). Verification is an "essential element" under Rule (c)(6) now Rule (G)(5)(a). United States Currency in the Amount of $2,857.00, 754 F.2d 208, 213 (7th Cir. 1985). Unlike the Answer in United States v. $39,000 U.S. Currency, which was verified, claimant's Answer in this case is not verified. The undersigned simply cannot cobble together a verified claim from an unverified Answer .

---

[5] Due to the limits of ECF, the court incorporates into the electronic docket a copy of such unpublished decision by reference to the Westlaw citation.

The only leather found in the Answer is claimant's admission of the plaintiff's allegation that she, along with her spouse, has a claim to the real property. The plaintiff alleged, as follows:

> 58. Upon information and belief, the following persons may have or claim an interest in the defendant property: Kelly D. Rogers, Jill Rogers.

Complaint, at ¶ 58. Claimant admitted such allegation. Answer, at ¶ 58.

Where the failure to first file a verified claim is attributable to attorney error, a district court may in the exercise of its discretion allow a claimant to file a verified claim *nunc pro tunc*. Judge Voorhees held in United States v. $39,000 in U.S. Currency, supra, that counsel's extensive experience in defending forfeiture actions weighed against the exercise of discretion. Judge Voorhees held, as follows:

> However, Claimant's attorney has prior experience with civil forfeiture proceedings, and has followed the proper procedure of filing a separate claim and answer in the past. In fact, Claimant's attorney has followed procedure in civil forfeiture proceedings where the exact form notice containing identical language was used by the DEA. While the Court might not ordinarily subject Claimant to the harsh results of counsel's mistake, the circumstances here simply do not justify departure from the prescribed procedural scheme. Claimant fails to make the requisite showing that the statutory procedural criteria should be waived under these facts.

Id., at 4 (footnote and citation omitted). Unlike the attorney in United States v. $39,000 in U.S. Currency, counsel in this case has taken no personal responsibility for the error. The failure of counsel to take responsibility may speak more toward his inexperience in civil matters, inasmuch as the Court of Appeals for the Fourth Circuit has held, as follows:

> This liberal view of discretionary relief from default judgments is best illustrated by *United States v. Moradi*, 673 F.2d 725 (4th Cir.1982).

> *Moradi* involved a defendant whose answer was rejected for noncompliance with local rules. No new answer was filed and a default judgment was granted after the defendant's attorney failed to appear at a pre-trial conference. Relying on the defendant's prompt motion for relief and his allegations of a meritorious defense, this court set aside the default judgment under Rule 60(b). Drawing a clear line between the fault of counsel and the fault of a party personally, we stated that "justice ... demands that a blameless party not be disadvantaged by the errors or neglect of his attorney." 673 F.2d at 728. Noting that less severe sanctions were available, the *Moradi* court held that any doubt as to the propriety of giving relief must be resolved in the movant's favor when the movant bears no personal responsibility for the error which led to the default. *Id. Accord Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951 (4th Cir.1987) (default judgment imposed as a sanction for discovery abuses and disregard of court orders reversed because defendants were blameless and lesser sanctions were available); *Educational Services, Inc. v. Maryland State Board for Higher Education*, 710 F.2d 170, 177 (4th Cir.1983) (if default judgment had been granted for defendant's failure to answer, under *Moradi* the district court "would have been virtually compelled" to set it aside upon a Rule 60[b] motion).

Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811 (4th Cir.1988).

While not raised by the claimant, the court has considered whether she is blameless in this matter. Review of the pleadings reveals that claimant was served with the Complaint and Warrant and Order for Arrest *In Rem* on November 21, 2006, at her place of employment. That same day, counsel for claimant filed her Answer. Thus, it would appear that claimant took prompt action to assert and protect her legal rights in this matter by retaining and entrusting the matter to counsel. Claimant is blameless.

Clearly, the Warrant and Order for Arrest *In Rem* sets forth the correct procedure and time for first filing a Verified Claim and then an Answer. Such requirements are also set forth in the Supplemental Rules. Failure to file a verified

claim can only be attributed to attorney error.

In determining whether the error of counsel should be attributed to the claimant, the court has considered the experience of counsel along with the importance of the asset. Review of the court's docket reveals that Mr. Banzhoff has personally appeared in 129 federal cases in this district, with the majority of such proceedings being criminal in nature. The court can find only one case -- this one -- where Mr. Banzhoff has alone made an appearance in a civil forfeiture action. Thus, while Mr. Banzhoff is a seasoned federal litigator, this appears to be his first foray into civil forfeiture. As indicated by Judge Voorhees, this court does "not ordinarily subject Claimant to the harsh results of counsel's mistake...." Id. In determining whether such would be a harsh result, the court has considered and taken as true the allegations of the Complaint. While plaintiff has alleged that claimant's husband, brother-in-law, and sister were complicit or had knowledge of the alleged criminal activity, the Complaint contains no allegation that claimant participated in or knew of the alleged criminal conduct.[6] Complaint, at ¶¶ 6-54. While there is certainly probable cause to believe that the real property is forfeitable (docket entry #2), it is conceivable that claimant could mount a innocent owner defense, however unlikely it would be that such a defense would succeed. A home is unlike ordinary property, and the law recognizes that where it is held as tenants-by-the-entirety, it is not

---

[6] The Complaint certainly raises a reasonable inference of claimant's knowledge or complicity inasmuch as it is alleged that buy money was found on the ironing board in the home and that more than 1.5 kilos of marijuana were found in the master bedroom.

alienable through the lawful or unlawful acts of just one spouse. North Carolina General Statutes, Section 39-13.6, provides as follows:

**Control of real property held in tenancy by the entirety.**

(a) A husband and wife shall have an equal right to the control, use, possession, rents, income, and profits of real property held by them in tenancy by the entirety. Neither spouse may bargain, sell, lease, mortgage, transfer, convey or in any manner encumber any property so held without the written joinder of the other spouse. This section shall not be construed to require the spouse's joinder where a different provision is made under G.S. 39-13, G.S. 39-13.3, G.S. 39-13.4, or G.S. 52-10.

N.C.Gen.Stat. § 39-13.6(a) (2005). See Burgin v. Owen, 640 S.E.2d 427, 429 (N.C.App. 2007). Thus, to attribute counsel's error to a claimant who may be able to mount a defense to save her home would be harsh and the type of injustice judicial discretion was designed to avoid.

Finally, in Lolatchy v. Arthur Murray, Inc., 816 F.2d 951 (4th Cir.1987), the Court of Appeals for the Fourth Circuit considered default judgment inappropriate where defendants were blameless and lesser sanctions were available. In this case, the undersigned believes a lesser sanction is available:

(1) First, the claimant's brief and proposed claim makes no mention or claim for the defendant currency. Thus, the undersigned will recommend that the government's motion, deemed to be one for judgment on the pleadings, should be allowed as to defendant currency.

(2) Second, the claimant's Answer, brief, and proposed claim make it clear that she believes she has a viable claim for the real property. Rather

than impose the sanction of judgment on the pleadings as to defendant real property, the undersigned believes a more reasoned sanction would be to require claimant's counsel to associate experienced civil forfeiture counsel at his own expense. While the standard of practice in this court requires more effort than is apparent in the claimant's pleadings and response, the undersigned knows first hand that there is no such thing as the error free practice of law and that the primary method for educating attorneys is through trial and error. Fortunately, claimant's counsel need look no further than to his law partner for experienced co-counsel.

Thus, the court will recommend that plaintiff's Motion to Dismiss Answer be deemed to be a Motion for Judgment on the Pleadings and, as such, be allowed as to the defendant United States currency. The undersigned will further recommend that such motion be denied as to defendant real property, and that claimant be granted to leave to file a verified claim to defendant real property, *nunc pro tunc*. Finally, the undersigned will recommend that counsel for claimant be required to associate experienced civil forfeiture counsel in this matter.

## RECOMMENDATION

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that the government's Motion to Dismiss Answer (#13) be **DEEMED** to be a Motion for Judgment on the Pleadings, and

(1) that Judgment on the Pleadings be **GRANTED** for the plaintiff and against defendant United States currency;

(2) that Judgment on the Pleadings be **DENIED** as to defendant real property; and

(3) that counsel for claimant be **SANCTIONED** in this matter by requiring him to retain and associate co-counsel experienced in civil forfeiture proceedings at his own cost.

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

```
                                          Signed: May 16, 2007
```

Dennis L. Howell
United States Magistrate Judge