**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

**CIVIL NO. 1:06CV265**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **Vs.** ) | **MEMORANDUM AND** |
| ) | **O R D E R** |
| **$16,920.00 IN UNITED STATES** ) | |
| **CURRENCY, and** ) | |
| ) | |
| **REAL PROPERTY AT 565 JENKINS** ) | |
| **ROAD, CANTON, HAYWOOD** ) | |
| **COUNTY, NORTH CAROLINA,** ) | |
| **DESCRIBED IN DEED BOOK 467,** ) | |
| **PAGE 20, OF THE HAYWOOD** ) | |
| **COUNTY, NORTH CAROLINA** ) | |
| **PUBLIC REGISTRY,** ) | |
| ) | |
| **Defendants,** ) | |
| ) | |
| **And** ) | |
| ) | |
| **JILL ROGERS,** ) | |
| ) | |
| **Claimant.** ) | |
| ) | |

THIS MATTER is before the Court on the Claimant's motion to set

aside the Court's Judgment of December 7, 2007. **Claimant's Motion to**

**Set Aside Judgment, filed December 17, 2007;** *see* **Judgment on the**

**Pleadings Under Fed. R. Civ. P 12(c) and Final Order of Forfeiture Under 21 U.S.C. §881(a)(7) and 18 U.S.C. §983(d)(5)(B), filed December 7, 2007.** The Court will construe the Claimant's motion as one to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e). For the reasons stated below, the motion is granted.

## I.  FACTUAL AND PROCEDURAL HISTORY

The real property at issue in this case is located at 565 Jenkins Road, Canton, North Carolina, and is the primary residence of the Claimant and her two adult children. **Verified Complaint for Forfeiture *In Rem*, filed September 1, 2007, ¶ 54; Exhibit A, Affidavit of Jill Wilson Rogers, *attached to* Response to Government's "Opposition to Motion to Set Aside Final Judgment" and Request for Hearing, filed January 14, 2008, at 3.** The property has been handed down through the Claimant's family, and she has lived there most of her life. **Rogers Affidavit, *supra*, at 1.** Her parents deeded the property to her in 1998, and thereafter she held the title in her sole name for a period of time. *Id.*

In 1998 or 1999, the Claimant's husband, Kelly Dean Rogers, who is alleged to be an alcoholic, became angry that Claimant held the property in

her name alone. *Id.* at 2. Following an altercation in which he broke the Claimant's nose and gave her two black eyes, the Claimant conveyed the property to herself and her husband as tenants by the entirety. *Id.*

On May 7, 2007, the Claimant's husband was sentenced in state court to 25-30 months imprisonment, after pleading guilty to drug trafficking charges. **Government's Motion for Judgment on the Pleadings Under Fed. R. Civ. P 12(c) and Final Order of Forfeiture Under 21 U.S.C. § 881(a)(7) and 18 U.S.C. § 983(d)(5)(C), filed November 14, 2007, ¶6.** Soon after, the Government filed a verified complaint for forfeiture *in rem* against certain monies and real property involved in the husband's crimes. **Verified Complaint, *supra*.** The complaint alleged, among other things, that the Claimant's husband was using the Jenkins Road residence as a base for his marijuana sales. *Id.* **¶ 56.**

In response to the Government's complaint, the Claimant filed a verified claim of ownership asserting that she owned the property through a tenancy by the entirety. **Exhibit 1, Claim of Ownership, *attached to* Claimant's Response to the United States Motion to Dismiss Answer and Motion for Leave to File a Supplemental Claim, filed April 24, 2007.** As no one else came forward with a claim to the property, the

Government obtained an entry of default against all persons and entities except for the Claimant. **Entry of Default Concerning Defendant Real Property Against All Persons and Entities Except for Jill Rogers, filed August 22, 2007.**

On November 14, 2007, the Government requested forfeiture of the property pursuant to 18 U.S.C. § 983(d)(5)(B) and proposed to sell the property and give half the proceeds to the Claimant. **Motion for Judgment on the Pleadings, filed November 14, 2007.** There being no response from the Claimant, the Court granted the Government's motion. **Judgment filed December 7, 2007,** *supra*.

Ten days after entry of the Judgment and Final Order of Forfeiture, the Claimant filed this motion, asking the Court to set its previous order aside. **Motion to Set Aside Judgment,** *supra*; *see also* **Response to Government's Opposition,** *supra*. The Government opposes the relief sought. **Government's Opposition to Motion to Set Aside Final Judgment, filed December 27, 2007.** The undersigned conducted a hearing on the matter on March 26, 2008.

## II.  ANALYSIS

### A.  Rule 59(e) Motion

As stated above, the Court will construe Claimant's motion as a
request to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e).
Rule 59(e) provides that "[a] motion to alter or amend a judgment must be
filed no later than 10 days after the entry of the judgment."[1]  **Fed. R. Civ. P.
59(e).**

> While the Rule itself provides no standard for when a district
> court may grant such a motion, courts interpreting Rule 59(e)
> have recognized three grounds for amending an earlier
> judgment: (1) to accommodate an intervening change in
> controlling law; (2) to account for new evidence not available at
> trial; or (3) to correct a clear error of law or prevent manifest
> injustice.

*Hutchinson v. Staton*, **994 F.2d 1076, 1081 (4ᵗʰ Cir. 1993).**  In reviewing
a district court's order pursuant to Rule 59(e), an appellate court will
reverse only upon an abuse of discretion.  *Boryan v. United States*, **884
F.2d 767, 771 (4ᵗʰ Cir. 1989).**

In this case, the instant motion and its accompanying pleadings
present new evidence in the form of an affidavit from the Claimant.  *See*

---

[1]  Claimant's motion, despite its characterization as a Rule 60 motion,
met the deadline described in Rule 59(e).

**Rogers Affidavit,** *supra.* This affidavit sets forth a number of pertinent facts that were not before the Court on December 17, 2007, the date of the challenged order. As these facts significantly affect the balance of the equities in this case, the Court finds that, under the second prong of the *Hutchinson* test, the Claimant has successfully demonstrated grounds for amendment of the Court's prior order. Alternately, the Court finds that such amendment will serve to prevent manifest injustice under the third *Hutchinson* prong.

## B.  Application of 18 U.S.C. § 983

The Civil Asset Forfeiture Act of 2000 ("CAFRA") governs, among other things, the forfeiture of assets "used to commit or facilitate the commission of a criminal offense." **18 U.S.C. § 983(c)(3).** In such cases, the burden of proof is on the Government to establish, by a preponderance of the evidence, that (1) the property is subject to forfeiture, and (2) there was a substantial connection between the property and the offense. *Id.* **§ 983(c)(1), (3).** CAFRA also provides, however, that "[a]n innocent owner's interest in property shall not be forfeited under any civil forfeiture statute." *Id.* **§ 983(d)(1).**

In this case, the Claimant does not dispute that the Government has met its burden of proof with respect to the property interest of the Claimant's husband, Kelly Rogers.  **See Response to Government's Opposition,** *supra,* **at 9.**  The Government has, in turn, conceded that, for purposes of forfeiture proceedings, the Claimant is an "innocent owner" of the Jenkins Road property.  **Motion for Judgment on the Pleadings,** *supra,* **¶ 19.**

In enacting CAFRA, Congress specifically anticipated instances where, as here, an innocent owner's stake in real property is threatened by civil forfeiture proceedings.  Section 983 provides, in part:

> If the court determines, in accordance with this section, that an innocent owner has a partial interest in property otherwise subject to forfeiture, or a joint tenancy or tenancy by the entirety in such property, the court may enter an appropriate order –
>
> > (A) severing the property;
> >
> > (B) transferring the property to the Government with a provision that the Government compensate the innocent owner to the extent of his or her ownership interest once a final order of forfeiture has been entered and the property has been reduced to liquid assets; or
> >
> > (C) permitting the innocent owner to retain the property subject to a lien in favor of the Government to the extent of the forfeitable interest in the property.

**18 U.S.C. § 983(d)(5).**

In the present case, the Government first requested forfeiture

pursuant to section 983(d)(5)(B) – that is, liquidation of the property with

half the money given to the Claimant.  **Motion for Judgment on the**

**Pleadings,** *supra,* **¶ 29.**  The Government's motion at that time discussed

each of the three options listed under subsection (d)(5).  Ultimately, the

Government rejected option (A) because it would be "too cumbersome,"

and option (C) because it would delay the Government's realization of its

interest and enable the Claimant's husband to continue his marijuana sales

from the house upon his release from jail.  *Id.* **¶¶ 27-28.**  The Government

then concluded that option (B) was the best solution because "it has the

virtue of bringing this action to an immediate close" and "[i]t is the only

alternative that simultaneously protects the forfeitable interest of the United

States and the interest of Jill Rogers."  *Id.* **¶¶ 29, 30.**

The Claimant did not file any objections to the relief sought by the

Government; therefore, the motion was granted.  ***See Judgment and***

***Final Order of Forfeiture,*** *supra,* **at 1-2.**  Claimant's instant motion,

however, now requests that the Court instead allow forfeiture pursuant to

section 983(d)(5)(C) – that is, that the Court allow the Claimant to "retain

the property subject to a lien in favor of the Government to the extent of"

the Claimant's husband's interest. **Motion to Set Aside Judgment,**

*supra*, **at 5-6.**

The permissive language of section 983(d)(5) indicates that a choice

among the three options is within the Court's discretion. In this case, the

only two viable options appear to be (B) and (C). The undersigned has

carefully considered the weighty factual considerations associated with

each of these two options. While the undersigned shares the

Government's concern that the Claimant's husband could easily resume

his drug transactions at the Jenkins Road residence upon his release from

jail, the Court nevertheless concludes that the ends of justice would best

be served by exercising option (C), so that the Claimant may retain her

lifelong home and the property that has been passed down through her

family for generations.

## C. The Nature of the Forfeitable Interest

Section 983(d)(5) specifically authorizes courts to apply subsection

(C) when the innocent owner and the owner of the forfeitable interest are

tenants by the entirety. ***See United States v. OUL*, 2007 WL 1411740 at**

**\*4, 2007 U.S. Dist. LEXIS 31021 at \*14 (D.P.R. 2007) ("Congress did intend to allow the enforcement of forfeiture rights against the interest of a person holding property as a tenant by the entirety even where the other holder is an innocent purchaser.").** This authorization, however, is necessarily in tension with well-settled state property law. North Carolina has long held that tenancies by the entirety cannot be severed by the sole act of one spouse. **See, e.g., _Worrells v. N.C. Farm Bureau Mut. Ins. Co.,_ 103 N.C. App. 69, 73, 404 S.E.2d 188, 191 (1991) (citing _Davis v. Bass_, 188 N.C. 200, 124 S.E. 566 (1924), _recognized as superseded in part on other grounds_, _Perry v. Perry_, 80 N.C. App. 169, 173, 341 S.E.2d 53, 56 (1986)).**

While the Court recognizes the inherent tension, it is nonetheless bound to follow the explicit instructions of section 983(d)(5). **_Moss v. Parks Corp._, 985 F.2d 736, 739 (4ᵗʰ Cir. 1993) ("'[Because] Congress intended to . . . tolerate whatever tension there was . . . [w]e can do no less.'" (quoting _Silkwood v. Kerr-McGee Corp._, 464 U.S. 238, 256 (1984))); _OUL_, 2007 WL 1411740 at \*4, 2007 U.S. Dist. LEXIS 31021 at \*14 ("State law determines whether claimants have a property interest in property subject to criminal forfeiture, but federal law**

**determines whether or not that interest can be forfeited.");** *United*

*States v. 8 Curtis Ave., Middleton, MA***, 2003 WL 470579 at \*1, 2003**

**U.S. Dist. LEXIS 2585 at \*3 (D. Mass. 2003) ("To the extent the three**

**options listed in [section 983(d)(5)] override state tenancy by the**

**entirety law, federal law governs.").** The conflict with state law,

however, makes the proper application of subsection (C) less than clear.

Subsection (C) states that the Government's lien must attach "to the

extent of the forfeitable interest in the property." The statute does not,

however, describe the precise state of the title that will result from applying

subsection (C) to property owned as a tenancy by the entirety. In this

case, the very nature of the tenancy by the entirety makes it impossible for

the Government to step directly into the shoes of the Claimant's husband.

"[Tenancy by the entirety] is a unique form of holding title to real property,

*available only to married persons*. [It] takes its origin from the common law

when husband and wife were regarded as one person." *McLean v.*

*McLean***, 323 N.C. 543, 551, 374 S.E.2d 376, 381 (1988) (internal**

**quotation marks omitted) (emphasis added);** *see also Davis***, 188 N.C.**

**at 204, 124 S.E. at 568 ("Only husband and wife, in the character as**

**such, may be tenants by the entirety.").** Thus, by definition, the

Government cannot enter into a tenancy by the entirety with the Claimant. The Court must nonetheless remain faithful to the unambiguous language of section 983(d)(5)(C), by assigning to the Government an estate that closely approximates Kelly Rogers' forfeited interest as a tenant by the entirety. For the reasons developed below, the Court believes that, under North Carolina law, the estate that most closely resembles Kelly Rogers' forfeited interest is a joint tenancy with right of survivorship.

In North Carolina, a tenancy by the entirety exists only between spouses and is characterized by unities of time, title, interest, possession, and person. **Combs v. Combs, 273 N.C. 462, 465, 160 S.E.2d 308, 311 (1968).** As a result of these unities, tenancies by the entirety are characterized by two prominent features: (1) inseverability without mutual consent and (2) rights of survivorship. As to the inseverability feature, it is well-settled that "'[n]either husband nor wife during their joint lives can convey or [e]ncumber the estate without the assent of the other, nor can a lien be acquired on it without such assent, nor can it be sold under execution.'" **Davis, 188 N.C. at 205, 124 S.E.2d at 569 (quoting West v. Aberdeen & R.R. Co., 140 N.C. 620, 621, 53 S.E. 477, 477 (1906)).**

As to the right of survivorship feature, North Carolina law provides that when one tenant by the entirety dies, the remaining tenant automatically becomes the full owner of the estate. As one North Carolina case puts it, "[d]eath creates no new estate in the survivor. The survivor takes by virtue of the original conveyance." **Woolard v. Smith, 244 N.C. 489, 493, 94 S.E.2d 466, 469 (1956).** This automatic transition is based on the common law notion that "'the husband and wife were regarded as one person, and a conveyance to them by name was a conveyance in law to but one person.'" **Id. (quoting Steltz v. Shreck, 128 N.Y. 263, 266, 28 N.E. 510, 511 (1891)).** Thus, by their very nature, tenancies by the entirety effectively contain an inherent right of survivorship. **See also Davis, 188 N.C. at 203-05, 124 S.E. at 567-68 ("[A tenancy by the entirety] rests upon the doctrine of the unity of the person, and upon the death of one the whole belongs to the other, not solely by right of survivorship, but also by virtue of the grant which vested the entire estate in each grantee. . . . [The estate] does not descend upon the death of either [spouse], but the longest liver, being already seized of the whole, is the owner of the entire estate.").**

A joint tenancy under North Carolina law contains the same unities

as a tenancy by the entirety, except that there is no unity of person.

***Combs*, 273 N.C. at 465, 160 S.E.2d at 311.**  Ordinarily, joint tenancies

lack the two prominent features of tenancies by the entirety, in that joint

tenancies are unilaterally severable and do not contain rights of

survivorship.  **N.C. Gen. Stat. § 41-2 (providing that joint tenancies**

**"shall not descend or go to the surviving tenant," unless otherwise**

**agreed);  *Woolard*, 244 N.C. at 495, 94 S.E.2d at 470 (holding that a**

**joint tenancy may ordinarily "be terminated by sale of one of the joint**

**tenants or by sale under execution against one of the joint tenants.").**

Rights of survivorship may, however, be agreed upon and provided for in

the instrument creating the joint tenancy.  **N.C. Gen. Stat. § 41-2.**

Consideration of the respective characteristics of tenancies by the

entirety and joint tenancies leads the Court to conclude that the best

approximation of Kelly Rogers' forfeitable interest is a joint tenancy with an

explicit right of survivorship.[2]  Accordingly, an undivided half-interest in the

---

[2] The Court is aware that, under North Carolina law, the dissolution of a tenancy by the entirety (for example, by divorce) automatically converts the tenancy by the entirety into a tenancy in common – not a joint tenancy. ***E.g., Estate of Nelson* ex rel. *Brewer v. Nelson*, 179 N.C. App. 166, 173, 633 S.E.2d 124, 129 (2006), *aff'd per curiam*, 361 N.C. 346, 643 S.E.2d**

Jenkins Road property must be forfeited to the Government, who may

make good this interest by means of the lien described in 18 U.S.C. §

983(d)(5)(C).  The Claimant will also retain an undivided half-interest in the

whole.  **See *Woolard*, 244 N.C. at 494, 94 S.E.2d at 470 ("[J]oint tenants**

**have one and the same interest, accruing by one and the same**

**conveyance, commencing at one and the same time, and held by one**

**and the same undivided possession.").**  Of course, any pre-existing

liens on the property must necessarily take priority over the interest to

which the Government is succeeding, as they represent obligations

undertaken by mutual consent during the pendency of Kelly and Jill

Rogers' tenancy by the entirety.

The accompanying right of survivorship, whose addition is authorized

by N.C. Gen. Stat. § 41-2, preserves the survivorship features of the

tenancy by the entirety.  The Claimant's right of survivorship is, of course,

---

**587 (2007); *see also* N.C. Gen. Stat. § 75D-8(a)(1) (providing that a tenancy by the entirety will automatically convert to a tenancy in common upon the issuance of a judgment forfeiting the subject property under North Carolina's RICO statute).**  Nonetheless, the Court believes that, in this case, a conversion to joint tenancy is more in keeping with the spirit and intention of 18 U.S.C. § 983(d)(5)(C), because a joint tenancy more closely matches the unique properties of a tenancy by the entirety.

measured by her own life span, and the Government's right of survivorship

is measured by the life span of Kelly Rogers.  ***Cf. 8 Curtis Avenue*, 2003**

**WL 470579 at \*1, 2003 U.S. Dist. LEXIS 2585 at \*4 (holding that**

**"Claimant is entitled to retain the property in question subject to a**

**lien on [her husband's] right of survivorship in favor of the**

**government").**  Just as the tenancy by the entirety gave Kelly Rogers the

ability to assume sole ownership of the entire property if his wife

predeceased him, so, now, the Government will become the sole owner of

the property if the Claimant predeceases her husband.  Likewise, if Kelly

Rogers predeceases the Claimant, the Government's right of survivorship

will be extinguished and the Claimant will become the sole owner of the

property.  This arrangement – whereby Kelly Rogers continues to serve as

the measuring life for the Government's right of survivorship – preserves

intact all rights of survivorship held by the Claimant under the tenancy by

the entirety, while bestowing upon the Government precisely the

survivorship rights originally held by Kelly Rogers.

　　　While it is possible to preserve the survivorship features of the

tenancy by the entirety, the inseverability features must necessarily be lost.

Any attempt to require the Government and the Claimant to refrain from

conveying, encumbering, *etc.*, without the other's consent would require the undersigned to craft unprecedented restraints on alienation and impose them on the parties – an exercise in which the Court is loath to engage and which, indeed, would have no apparent foundation in state or federal law.

**IT IS, THEREFORE, ORDERED** that the Claimant's motion to set aside the judgment, construed as a motion to alter or amend the Court's Judgment of December 7, 2007, is hereby **GRANTED**, and an Amended Judgment on the Pleadings and Final Order of Forfeiture is filed contemporaneously herewith.

**IT IS FURTHER ORDERED** that the amended Judgment and Final Order of Forfeiture shall be implemented in a manner not inconsistent with the principles stated herein.

Signed: April 17, 2008

Lacy H. Thornburg
United States District Judge